UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMEF BRIDGPORT, L.L.C., | Case No.:  2:16-cv-1968-MCE-EFB-PS |
| Plaintiff, | |
| v. | **ORDER** |
| MARISSA RAMOS, JOB RAMOS, JAZTINE RAMOS, DOES I through V, inclusive, | |
| Defendants. | |

On August 19, 2016, Defendants MARISSA RAMOS, JOB RAMOS and JAZTINE RAMOS ("Defendants"), proceeding in pro se, filed a Notice of Removal of this unlawful detainer action filed by Plaintiff BMEF BRIDGEPORT, L.L.C. ("Plaintiff") from the Solano County Superior Court.[1]  ECF No. 1.  This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

---

[1] Despite Defendants' pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge.  See E.D. Cal. Local R. 302(c)(21).

1

1 | removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As
2 | explained below, Defendants have failed to meet that burden.
3 |       The Notice of Removal is premised on the argument that this Court has federal
4 | question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.  However, a review of the
5 | Complaint reveals that Plaintiff does not allege any federal claims; instead, it alleges
6 | only unlawful detainer under state law.  ECF No. 1 at 6-9.
7 |       "The presence or absence of federal-question jurisdiction is governed by the 'well-
8 | pleaded complaint rule,' which provides that federal jurisdiction exists only when a
9 | federal question is presented on the fact of plaintiff's properly pleaded complaint."
10 | Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the
11 | complaint "establishes either that [1] federal law creates the cause of action or that [2]
12 | the plaintiff's right to relief necessarily depends on resolution of a substantial question of
13 | federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage
14 | Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd.
15 | v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).
16 |       Here, Plaintiff's sole claim is for unlawful detainer under state law.  At most,
17 | Defendants argues that they have a defense under federal law.  "A case may not be
18 | removed to federal court on the basis of a federal defense . . . even if the defense is
19 | anticipated in the plaintiff's complaint, and even if both parties admit that the defense is
20 | the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of
21 | Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)
22 | (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction under 28
23 | U.S.C. §§ 1331 and 1441(a).
24 |       Accordingly:
25 |     1. The action is REMANDED to the Solano County Superior Court.
26 |     2. The Clerk of Court is directed to serve a certified copy of the order on the
27 |         Clerk of the Solano County Superior Court, and reference the state case
28 |         number (No. FCM150736) in the proof of service.

3. Defendants' Motions to Proceed in Forma Pauperis (ECF Nos. 2, 3 and 4) are DENIED as moot.
4. The Clerk of Court is directed to close this case and vacate all dates.
5. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. FCM150736.

IT IS SO ORDERED.

Dated: August 19, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE